FILED
SUPERIOR COURT
OF GUAM

2012 OCT 30 AM 9: 46

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

RONI S. SELLMANN,

        Plaintiff,

    vs.

ARAWAN CHAIRD,

        Defendant.

CIVIL CASE NO. CV0518-11

## DECISION & ORDER

This matter came before the HONORABLE VERNON P. PEREZ on August 1, 2012 on Defendant's Motion to Dismiss. Attorney Daniel S. Somerfleck represented Defendant, who was present. Plaintiff appeared *pro se*. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This case arises out of a complaint for alienation of affection and criminal conversation. Roni S. Sellmann (hereinafter "Plaintiff") alleges wrongful acts by Arawan Chaird (hereinafter "Defendant"). Plaintiff brought this action after Defendant allegedly wrongfully seduced Plaintiff's husband. Defendant filed a Motion to Dismiss on June 22, 2012. Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss on July 6, 2012. Hearing on the motions was held on August 1, 2012.

## DISCUSSION

### I. Notice

Plaintiff filed a Motion to Strike Defendant's Motion in place of a formal opposition. The Court, in an abundance of caution, desires to help *pro se* litigant's move passed procedural issues. Here, the Court would like to discuss a potential notice issue. Plaintiff appeared at hearing, made arguments on her own behalf and submitted all necessary documentation she desired relevant to the motion. Thus, any notice error would likely be viewed as harmless.

Second, the Defendant has filed a letter sent to Plaintiff including the Notice of Motion which also apprised Plaintiff of the hearing date. *See* Exhibit A. Notice of the hearing was proper as evidence by the record. The Court will not strike Defendant's Motion to Dismiss.

The Court also recognizes that there is no technical opposition to Defendant's Motion to Dismiss. The Court will treat Plaintiff's Motion to Strike as a her Opposition to Defendant's Motion to Dismiss.

## II.    Procedure

The Court will treat Defendant's motion as one for summary judgment. Plaintiff has submitted Exhibits for the Court's review regarding the motion on August 9, 2012. Although the Court heard argument on August 1, 2012, the Court will accept the evidence for review in determination of the dispositive motion. By operation of Rule 12(b) of the Guam Rules of Civil Procedure, this Court must treat a dismissal motion as one for summary judgment where evidence is considered beyond the pleadings. Here, the Court will consider Plaintiff's submissions, which are beyond the pleadings, to assist her *pro se* case in regards to Defendant's motion. Thus, Defendant's motion is for summary judgment. The Court will consider Plaintiff's Motion to Strike as her opposition to the Motion for Summary Judgment as explained above.

Finally, the Court is not convinced that Guam Courts recognize the torts Plaintiff's claims were perpetrated against her. Guam case law has not yet recognized these torts as actionable in the Territory of Guam and the Court does not know if it any Guam Court would recognize either alienation of affection of criminal conversation in the future. Most jurisdictions have abolished the cause of action for criminal conversation. Nevertheless, the Court will give analysis to the elements of the Plaintiff's causes of action.

## III.    Motion for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder.

*Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7.

Inferences must be drawn, evidence must be viewed in the light most favorable to the non-moving party, and the moving party carries the burden of showing the court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong*, CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 31(1986).

Defendant has admitted to the factual basis underlying Plaintiff's complaint. In this case, there is only one essential fact of consequence that may be at issue. Otherwise, it appears that summary judgment in entirely proper. Here, the only contentious fact between the Parties is when Defendant's relationship with Plaintiff's ex-husband began. Plaintiff argues that Defendant began attempting to steal her husband before the date of separation and Defendant argues that she did not begin relations with Plaintiff's ex-husband until after the marriage was irretrievably broken and after the date of separation. The Court is not convinced that even if

Plaintiff proves Defendant seduced Plaintiff's ex-husband before the date of separation that her case is meritorious.

### Alienation of Affection

The elements of alienation of affection are:

> (1) plaintiff and [her husband] were happily married and a genuine love and affection existed between them; (2) the love and affection was alienated and destroyed; and (3) the wrongful and malicious acts of defendant produced the alienation of affections. *Darnell v. Rupplin*, 91 N.C.App 349, 350 (1988).

Here, it would be an acrobatic act for the Court to decide that any of the elements are met, let alone all of them. First, Plaintiff and her husband did not have a happy marriage at any time near the alleged affair. Second, there was no evidence that Plaintiff's marriage was ever full of affection or that it was destroyed or alienated. Last, Defendant does not appear to be the sole or major cause of the dissolved marriage between the Parties. The date of separation is October 30, 2009 as explained by both Parties. *See* Declaration of James D. Sellmann ¶ 3. Defendant claims that she entered into a relationship with Plaintiff's husband only after he told Defendant that the marriage was over. The earliest the affair could have ruined the relationship is on November 13, 2009, which is after October 30, 2009, according to Plaintiff's own submissions. *See* Plaintiff's Motion to Strike at 4. The Court is convinced by the declarations by Defendant and Plaintiff's ex-husband that the affair only began after Plaintiff's marriage was irretrievably broken because Defendant explained that she would not sleep with a married man. *See* Plaintiff's Motion to Strike at 3. The facts before the Court indicate that Plaintiff's ex-husband pursued Defendant just as much as Defendant induced him to participate in the affair but only after the marriage was essentially over. According to Declaration of James D. Sellmann, Plaintiff withheld sexual relations from him for over one and a half years. *See* Dec. All evidence points to the affection being over before Defendant became involved with Plaintiff's ex-husband. There are no facts of consequence that remain at issue.

<u>Criminal Conversation</u>

The Court had difficulty in identifying the elements of Plaintiff's second cause of action. The Court doubts that any Guam court has ever identified criminal conversation as an actionable tort. Yet, the Court would like to assist any *pro se* litigant, so it will apply the elements put forth in Plaintiff's pleadings. However, even then the Court cannot find that Plaintiff's case surpasses summary judgment as the facts simply are not in her favor.

The elements for criminal conversation are: (1) an act of intercourse, (2) the existence of a valid marriage between the plaintiff and spouse, and (3) the bringing of a lawsuit. The Court interprets element two to refer to a marriage that is currently healthy and not one where the parties have already separated. The Court applies the analysis from the above section to apply to element two of criminal conversation. As explained earlier, the Court finds that Defendant's affair with Plaintiff's ex-husband occurred after the date of separation and after the marriage was already destroyed. North Carolina statutes relating to criminal conversation and alienation of affection provide: (a) [n]o act of the defendant shall give rise to a cause of action for alienation of affection or criminal conversation that occurs after the plaintiff and the plaintiff's spouse physically separate with the intent of either the plaintiff or plaintiff's spouse that the physical separation remain permanent. NCGS § 52-13 (2010).[1] There are no facts to indicate Plaintiff could succeed on her current causes of action. Even in the light viewed most favorable to the non-moving party, here, the Court concludes that Defendant is entitled to judgment as a matter of law.

Plaintiff goes through a great deal of trouble in attaching exhibits to her August 9, 2012 Supporting Document, but the Court is not convinced that there is adequate evidence that the marriage was salvageable after October 30, 2009. Many of the attachments show that Plaintiff's ex-husband explained that he still loved Plaintiff. Yet, those statements do not reflect on the sustainability or recovery of the marriage. North Carolina, where Plaintiff appears to acquire her causes of action from even requires that the Plaintiff and spouse not be physically separated.

---

[1] Plaintiff attempts to have this Court recognize North Carolina law. This Court would be limited by relevant North Carolina statutes if the Court were to follow the law in North Carolina and recognize Plaintiff's causes of action. If applying the North Carolina statutes to the facts of the cases, Plaintiff would still fail to show a valid marriage.

In sum, the Court does not know if Plaintiff's causes of action are recognized by Guam Courts. Even if alienation of affection and criminal conversation could be actionable on Guam, Plaintiff could never achieve a judgment. The Court finds Plaintiff was physically separated with the intent, from one spouse, to end the marriage before Defendant participated in the relationship with Plaintiff's ex-husband.

## IV. Attorney's Fees

Defendant asks that Plaintiff be made responsible for all Court costs and attorney's fees related to defending this suit. Defendant claims that Plaintiff's claims are groundless and frivolous. The Court finds that Plaintiff's claims could have been made viable under slightly difference circumstances. The Court does not find that Plaintiff's claims are either frivolous or an attempt to damage Defendant in some way. [2] Furthermore, courts are hesitant to grant attorney's fees where it is not statutorily provided for. The Court will not award attorney's fee to Defendant. Yet, the Court must allow for costs to a prevailing Defendant in a cause of action for money or damages. 7 GCA §§ 26606 and 26602. Here, Plaintiff sought money damages and as a result of losing the case via summary judgment, Plaintiff must pay Defendant's costs, not including attorney's fees.

## CONCLUSION

Defendant's Motion for Summary Judgment is hereby GRANTED. Defendant's request for attorney's fees is hereby DENIED except as it applies to costs.

So ORDERED this 30th day of October, 2012.



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

OCT 3 0 2012
20

*Jacqueline S.C. Terlaje*
Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

---

[2] The Court finds that Plaintiff's allegation against Defendant are generally true and that Defendant most likely took part in affair with Plaintiff's husband before final decree of divorce was entered. As a result, the Court would be remiss to conclude that Plaintiff's claims are frivolous.

*Sellmann v. Chaird,*
Decision and Order
Civil Case No. CV0518-11                                 - Page 6 of 6 -